This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Stanley E. Jalowiec has appealed from a judgment in the Lorain County Court of Common Pleas that dismissed his petition for postconviction relief. This Court affirms.
 I.
After a lengthy investigation, Jalowiec was indicted by the Lorain County Grand Jury on March 8, 1995. Jalowiec was indicted on one count of aggravated murder for the death of Ron Lally. Two specifications accompanied the aggravated murder charge: the first was a firearm specification; the second was a specification that Jalowiec killed Lally to prevent Lally from testifying in a criminal proceeding. Jalowiec pleaded not guilty to the aggravated murder charge and the specifications.
The case was tried before a jury in the Lorain County Court of Common Pleas. On March 20, 1996, the jury found Jalowiec guilty of aggravated murder and also found both specifications.
The penalty phase of Jalowiec's trial was held on April 9 and 10, 1996. The prosecution incorporated its evidence from the guilt phase on the issue of the sole aggravating circumstance: the killing of Lally to prevent him from testifying in a criminal proceeding. Jalowiec presented evidence on the mitigating factors, and the prosecution presented evidence in rebuttal. After deliberating, the jury recommended the death sentence. The trial court sentenced Jalowiec to death.
Jalowiec's conviction and sentence was affirmed on direct appeal by this Court and by the Ohio Supreme Court. State v. Jalowiec (Apr. 15, 1998), Lorain App. No. 96CA006445, unreported; State v. Jalowiec (2001),91 Ohio St.3d 220.
On March 17, 1997, Jalowiec filed a petition for postconviction relief. On April 17, 1997, Jalowiec filed an amended petition for postconviction relief. On August 16, 1997, Jalowiec filed a second amended petition for postconviction relief. On March 30, 1998, Jalowiec filed a motion requesting that his previous petitions for postconviction relief be stricken and requested additional time and discovery to perfect another petition for postconviction relief to be filed later.
On February 22, 2000, Jalowiec filed a third amended petition for postconviction relief. The state filed a response in opposition to the postconviction petitions on April 9, 2001.
On April 12, 2001, the trial court issued an order denying Jalowiec's third petition for postconviction relief. Jalowiec has timely appealed, asserting six assignments of error.
 II.
In his first, third, fifth, and sixth assignments of error, Jalowiec claims that the trial court improperly dismissed his petitions for postconviction relief. Specifically, Jalowiec claims that the trial court erred when it concluded that his third amended petition was barred as a redundant, and alleges that trial counsel was incompetent.
Second and subsequent petitions for postconviction relief are governed by R.C. 2953.23, which states:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted.
Jalowiec fails to demonstrate the prerequisites mandated by R.C. 2953.23
were satisfied before the trial court could have entertained his successive petition.
Therefore, Jalowiec has failed to make the threshold showing for successive petitions for postconviction relief that he was "unavoidably prevented from discovery of the facts upon which [he] must rely." R.C.2953.23(A)(1)(a). Neither did Jalowiec assert a newly recognized state or federal right. Because Jalowiec had not made the threshold showing, the trial court was not permitted to entertain his successive motion for postconviction relief. The trial court properly denied Jalowiec's third amended petition for postconviction relief at the outset as it was without jurisdiction to consider the successive petition. Jalowiec's first, third, fifth, and sixth assignments of error are denied.
In his second assignment of error, Jalowiec claims that Ohio's postconviction relief statute is unconstitutional as it is violative of due process and equal protection under the Fourteenth Amendment of the United States Constitution. However, Jalowiec failed to raise this claim below. Accordingly, the claim is waived. See State v. Awan (1986),22 Ohio St.3d 120, 122. Jalowiec's second assignment of error is overruled.
Lastly, Jalowiec argues in his fourth assignment of error that the trial court erred by not making findings of fact and conclusions of law in the entry that dismissed his petition for postconviction relief. This Court disagrees.
This Court has previously rejected a like claim:
 Ordinarily, under R.C. 2953.21(G), a trial court that denies a petition for postconviction relief without a hearing must file findings of fact and conclusions of law in support of the denial. However, the trial court was without jurisdiction to entertain appellant's petition. "Having no jurisdiction to entertain [appellant's] petition, the trial court was not required to make and file findings of fact and conclusions of law in accordance with R.C. 2953.21(G)." State v. Lacking (Apr. 23, 1999), Montgomery App. No. 17360, unreported, 1999 Ohio App. LEXIS 1817, at *6.
State v. Childs (Feb. 16, 2000), Summit App. No. 19757, unreported.
Moreover, this Court has reviewed the trial court's order and finds that it sufficiently apprised Jalowiec of the basis for denial of his petition. This Court also notes that Jalowiec was able to raise five other assignments of error, a fact belying his claim. Jalowiec's fourth assignment of error is overruled.
 III.
The judgment of the Lorain County Court of Common Pleas denying postconviction relief upon a third petition for postconviction relief is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
SLABY, P.J., WHITMORE, J. CONCUR.